IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DEWAYNE MATHEWS and DEBRA TURNER,

    Plaintiffs,

v.

PHH MORTGAGE CORPORATION,

    Defendant.

Case No. 20-cv-00200-JFH-JFJ

## OPINION AND ORDER

Now before the Court is Defendant PHH Mortgage Corporation's ("PHH") Amended Motion to Dismiss Plaintiffs' Complaint ("Motion").[1] Dkt. No. 53. In their Complaint, Plaintiffs assert a claim for breach of contract and a claim for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Dkt. No. 1-2. PHH argues Plaintiffs have failed to state a claim for either cause of action under Federal Rule of Civil Procedure 12(b). Dkt. No. 53. Plaintiffs filed a Response in Opposition to the Motion [Dkt. No. 56] and PHH submitted a Reply [Dkt. No. 57].

### PROCEDURAL BACKGROUND

Plaintiffs initiated this case against PHH in Florida state court alleging PHH improperly charged Plaintiffs inspection fees. Dkt. No. 1-2 at 6-17. PHH removed the case to the United States District Court for the Southern District of Florida. Dkt. No. 1. The case was ultimately transferred to this Court. Dkt. No. 30. PHH's Motion is now before this Court.

---

[1] PHH filed an original Motion to Dismiss [Dkt. No. 7] on November 22, 2019 before the case was transferred to this Court. The Motion [Dkt. No. 53] replaces and supersedes the original Motion to Dismiss [Dkt. No. 7]. *Jackson v. Standifird*, No. 11-CV-507, 2012 WL 1582247, at *1 (N.D. Okla. May 4, 2012).

## FACTUAL BACKGROUND

Plaintiffs reside in Rogers County, Oklahoma, and in 2007 executed a note and mortgage for the purchase of a home located in Claremore, Oklahoma. Dkt. No. 1-2 at ¶¶ 1, 15.[2] PHH was the loan servicer.[3] *Id.* at ¶ 35. Plaintiffs allege their loan was a "FHA loan" backed by the federal government. Dkt. No. 1-2 at ¶¶ 6, 16. Plaintiffs mortgage incorporated the United States Department of Housing and Urban Development's ("HUD") regulations. *Id.* at ¶¶ 5, 9, 10, 16 and 35. Further, Plaintiffs' mortgage provided, "Lender may collect fees and charges authorized by the Secretary[4]." *Id.* at ¶ 16. Plaintiffs allege the HUD regulations impose limits on the property inspection fees a loan servicer can charge a mortgagee, like Plaintiffs, under an FHA loan. *Id.* at ¶¶ 12-14. Plaintiffs state the HUD regulations "only allow a lender to charge the homeowner a property inspection fee if the lender has been unsuccessful contacting the homeowner by phone and has first learned the property is vacant." *Id.* at ¶ 13.

Plaintiffs allege they had "constant contact" with PHH, the home in Claremore has been Plaintiffs' only home since 2007 and a "consistent history of communication" exists between Plaintiffs and PHH. *Id.* at ¶¶ 15, 17 and 20. Plaintiffs' position is PHH "had no reason to suspect the home was vacant or that an inspection was necessary." *Id.* at ¶ 20. Thus, Plaintiffs contend PHH charged them property inspection fees in violation of HUD regulations and, thus, breached

---

[2] Plaintiffs' Complaint was filed as part of "Composite Exhibit 1" in PHH's Notice of Removal. Dkt No. 1-2. Any reference to a specific paragraph shall refer to the paragraph within the Complaint unless otherwise noted.

[3] Per PHH's representations, PHH is the successor in interest to Ocwen Loan Servicing, LLC, who previously serviced Plaintiffs' loan. Dkt. No. 53 at fn. 1. Ocwen was the servicer when the fees at issue were charged. *Id.* For ease, this Court will refer to PHH.

[4] Secretary means the Secretary of Housing and Urban Development or his or her designee. *Id.* at ¶ 9.

the terms of their mortgage. *Id.* at ¶¶ 35-38. Plaintiffs also allege PHH violated the FDUTPA by charging them property inspection fees. *Id.* at ¶¶ 40-49.

PHH argues Plaintiffs have failed to allege sufficient facts to show that PHH charged fees in violation of HUD regulations. Dkt. No. 53 at 4. PHH argues, among other things, HUD permits the fees it charged Plaintiffs. *See id.* at 5-6. Thus, PHH contends Plaintiffs have failed to state a claim for breach of contract. PHH also argues Oklahoma law applies to this action requiring dismissal of Plaintiffs' FDUTPA claim. *Id.* at 10-15. Further, PHH believes Plaintiffs' claims do not involve "trade or commerce" rendering the FDUTPA inapplicable. *Id.* at 16-17. For these reasons, PHH contends dismissal of Plaintiffs' claims is appropriate.

## STANDARD

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562. Although decided within an antitrust context, *Twombly* stated the pleadings standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir.2007); *Moffett v. Halliburton Energy Servs., Inc.*,

291 F.3d 1227, 1231 (10th Cir.2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs,* 263 F.3d 1151, 1154–55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.3d 1106, 1109–10 (10th Cir.1991).

## ANALYSIS

**I.      Breach of contract.**

PHH argues that: (1) Plaintiffs do not allege sufficient facts to show that the inspection fees PHH charged violated HUD requirements; and (2) Plaintiffs fail to allege facts showing improper fees. Dkt. No. 53 at 4-10. PHH attached portions of the HUD Handbook to its Amended Motion. Dkt. No. 53-6. PHH asks the Court to take judicial notice of the HUD Handbook. Dkt. No. 53 at 5. The Court notes, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).[5] Additionally, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion. *Tal v. Hogan,* 453 F.3d 1244, 1264, n.24 (10th Cir. 2006).

While the Court acknowledges its ability to consider the Handbook, the Handbook does not bind the Court. *Dawoudi on behalf of Plaintiff v. Nationstar Mortgage LLC*, No. 19-CV-3783, 2020 WL 1330381, at *4 (N.D. Ill. Mar. 23, 2020). "HUD Handbooks do not consist of binding regulations, nor do they impose any binding obligations or legal duties upon parties." *Id.* (quoting

---

[5] Plaintiffs quoted the HUD Handbook in their Complaint. *See* Dkt. No. 1-2 at ¶ 14.

4

*United States v. E River Hous. Corp.*, 90 F. Supp. 3d 118, 133 (S.D.N.Y. 2015)). Therefore, the only binding regulation is 24 C.F.R. § 203.377 which provides:

> The mortgagee, upon learning that a property subject to a mortgage insured under this part is vacant or abandoned, shall be responsible for the inspection of such property at least monthly, if the loan thereon is in default. When a mortgage is in default and a payment thereon is not received within 45 days of the due date, and efforts to reach the mortgagor by telephone within that period have been unsuccessful, the mortgagee shall be responsible for a visual inspection of the security property to determine whether the property is vacant.

24 C.F.R. § 203.377.

At this stage, Plaintiffs obligation is to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 555. Under Oklahoma law, the elements of a breach of contract claim are: (1) formation of a contract; (2) breach of the contract; and (3) damages as a direct result of the breach. *Digital Design Group, Inc. v. Information Builders, Inc.*, 24 P.3d 834, 844. Plaintiffs have alleged the formation of a contract – the mortgage. Dkt. No. 1-2 at ¶ 15. Plaintiffs alleged the terms of the mortgage prohibited PHH from charging property inspection fees in certain situations. *Id.* at ¶ 35. Plaintiffs alleged PHH improperly charged fees in violation of the terms of the mortgage. *Id.* at ¶ 36. Plaintiffs alleged they were damaged as a result of PHH's conduct. *Id.* at ¶ 37. Plaintiffs provided sufficient factual allegations. Plaintiffs identified 24 C.F.R. § 203.377 which it contends was breached [*Id.* at ¶ 13] and how [*Id.* at ¶¶ 17-18, 20-21]. These allegations are sufficient to state a plausible claim for relief. It is unnecessary for the Court to consider the materials attached to PHH's Motion and Plaintiffs' Response. Dismissal of Plaintiffs' breach of contract claim is not appropriate at this stage.

**II.      FDUTPA claim.**

The "FDUTPA constitutes a substantive law which creates, defines, and regulates rights which are to be administered by the courts." *Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.*,

693 So. 2d 602, 606 (Fla. App. 1997). Therefore, this Court must determine whether Florida substantive law or Oklahoma substantive law applies to Plaintiffs' claim. PHH argues the FDUTPA claim should be dismissed because Oklahoma law applies to this action rendering the FDUTPA inapplicable. In contrast, Plaintiffs contend the choice of law analysis results in Florida substantive law being applied and, therefore, the FDUTPA claim survives.

A.     **Choice of law provision.**

As an initial matter, the mortgage at issue has a choice of law provision. Specifically, the mortgage provides: "[t]his Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located." Dkt. No. 1-2 at 26. The property is located in Oklahoma. *Id.* at ¶ 15. Oklahoma generally enforces a contract's choice of law provisions.[6] *See Berry and Berry Acquisitions, LLC v. BFN Properties, LLC*, 416 P.3d 1061, 1068 (Okla. 2018) (noting, "the general rule is that a contract will be governed by the laws of the state where the contract was entered into unless otherwise agreed . . . ."); *see also Pre-Paid Legal Servs., Inc. v. Cahill,* 171 F. Supp.3d 1219, 1226 (E.D. Okla. 2016) ("Oklahoma will enforce the choice of law provision when it is clear and unambiguous.").

PHH argues the choice of law provision in the mortgage is applicable to Plaintiffs' FDUTPA claim because it is derivative of Plaintiffs' contract claim. Dkt. No. 53 at 10. The alleged "unlawful conduct" supporting Plaintiffs' FDUTPA claim is PHH charging improper property inspection fees – the same basis of Plaintiffs' breach of contract claim. *Compare* Dkt. 1-

---

[6] The parties' contractual choice of law provision displaces the rule of *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). *Run Them Sweet, LLC v. CPA Global Limited*, 224 F. Supp.3d 462, 465 (E.D. Va. 2016) (enforcing contractual choice of law provision that selected Virginia law even though case was originally filed in the Northern District of California and transferred to the Eastern District of Virginia).

2 at ¶ 44 *with* Dkt. No. 1-2 at ¶¶ 35-38.  Thus, the Court agrees it is proper to apply the contractual choice of law provision to the allegations at hand and apply Oklahoma law.

    **B.**    **Choice of law rules.**

Plaintiffs argue their FDUTPA claim sounds in tort rendering the mortgage's choice of law provision irrelevant and Florida's choice of law rules should be applied.  Dkt. 56 at 12-14.  Plaintiffs do not allege any independent tortious conduct implicating the FDUTPA; as noted above, the only allegation is that PHH charged improper property inspection fees under the parties' contract.  Accordingly, the Court does not agree that Plaintiffs' FDUTPA claim sounds in tort.  Nevertheless, even by applying Florida's choice of law rules, it would still result in Oklahoma law being applied.[7]

The Florida Supreme Court has explained:

> If substantial rights and duties are affected, in other words, if substantive law be an issue, the rule adopted by this court in *Bishop v. Florida Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980), applies: "[T]he local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship . . . ."

*Hertz Corp. v. Piccolo*, 453 So. 2d 12, 14 (Fla. 1984).  Florida courts follow the "most significant relationship" test outlined in the Restatement (Second) of Conflict of Laws.  *Grupo Televisa, S.A. v. Telemundo Comm's Group, Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007).

The first step in determining whether another state has a more significant relationship is to determine which sovereigns have an interest in applying their laws.  *Pycsa Panama, S.A. v. Tensar Earth Technologies, Inc.*, 625 F.Supp.2d 1198, 1218 (S.D. Fla. 2008).  Here, that would be Florida

---

[7] Florida would be the relevant source of choice-of-law rules for the purpose of evaluating which state's law applies to an alleged tort. *Benne v. Int'l Business Machines Corp.*, 87 F.3d 419, 423 (10th Cir. 1996) ("The rule is settled when a district court grants a venue change pursuant to 28 U.S.C. § 1404, the transferee court is obligated to apply the law of the state in which the transferor court sits.").

and Oklahoma. Next, the Court must consider the threshold issue of whether there is a "true conflict" among the jurisdictions. *Id.* A "true conflict exists when two or more states have a legitimate interest in a particular set of facts in litigation and the laws of those states differ or would produce a different result." *Id.* at 1219 (internal quotations and citations omitted).

Here, the FDUTPA, and the Oklahoma counterpart, the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, § 751 *et seq.* ("OCPA"), have a true conflict. PHH outlined the conflicts in its Motion. Dkt. No. 53 at 12. Plaintiffs do not dispute a true conflict exists between the two acts. *See* Dkt. No. 56 at 14. Therefore, the Court accepts that a true conflict exists.

Next, the Court must consider four relevant contacts. *Pysca Panama, S.A.*, 625 F.Supp.2d at 1219. The contacts include: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. *Grupo Televisa, S.A.*, 485 F.3d at 1240. The parties do not dispute the injury occurred in Oklahoma. *Compare* Dkt. No. 53 at 14 *with* Dkt. No. 56 at 15. Plaintiffs allege the place where the conduct causing the injury occurred was Florida. Dkt. No. 1-2 at ¶ 43. Plaintiffs note the loan was serviced in Florida and their payments were processed in Florida. Dkt. No. 56 at 15. Defendants respond that even if true, any such decisions made in Florida were meaningless without actions that occurred in relation to the Oklahoma property. Dkt. No. 53 at 14. Additionally, the inspections occurred in Oklahoma. Dkt. No. 1-2 at ¶¶ 15, 19. Considering the third factor, the only fact weighing in favor of Florida is that PHH's predecessor, Ocwen, had its principal place of business in Florida. However, at no time during this litigation did Ocwen exist as an independent entity. *See* Dkt. No. 1-2 at ¶¶ 2-3. Finally, the relationship was centered in Oklahoma. The mortgage was obtained in Oklahoma, the property is located in Oklahoma, the

mortgage was filed of record in Oklahoma, the alleged communications at issue were directed towards Oklahoma and the inspections occurred in Oklahoma. Dkt. No. 1-2 at ¶¶ 15, 17 and 18-20 and Dkt. No. 1-2 at 22-28.

Weighing the four (4) factors, the Court concludes Oklahoma has the most significant relationship with respect to this issue. This conclusion is bolstered by the United States District Court for the Southern District of Florida transferring the case to this Court. *See* Dkt. No. 30.

### C. Application of Oklahoma law.

Therefore, whether the mortgage's choice of law provision or the "most-significant relationship" test is applied, Oklahoma substantive law applies.[8] Accordingly, the FDUTPA claim cannot survive and must be dismissed.[9]

## CONCLUSION

For the reasons addressed above, dismissal of Plaintiffs' breach of contract claim is not warranted. However, dismissal of the FDUTPA claim is appropriate.

**IT IS THEREFORE ORDERED** that Defendant PHH Mortgage Corporation's Amended Motion to Dismiss Plaintiffs' Complaint [Dkt. No. 53] is **GRANTED IN PART AND DENIED IN PART:**

It is **GRANTED** as to Plaintiffs' FDUTPA claim.

It is **DENIED** as to Plaintiffs' breach of contract claim.

Defendants' first Motion to Dismiss [Dkt. No. 7] is declared **MOOT**.

---

[8] As a result, it is unnecessary for this Court to reach the parties' "trade and commerce" argument.

[9] Plaintiffs acknowledge it cannot assert a claim under the OCPA against PHH. Dkt. No. 56 at 14 ("Oklahoma's deceptive and unfair trade practices act exempts PHH from its reach …."). Therefore, the Court finds granting Plaintiffs leave to amend their FDUTPA claim would be futile. Fed. R. Civ. P. 15(a); *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

Plaintiffs' Motion for Leave to File Sur-Reply [Dkt. No. 58] is denied as **MOOT**.

DATED this 3rd day of September, 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE